Submitted on appellant's brief January 6, affirmed April 15, 1976

FAW, *Appellant,*

*v.*

LARSON et al, *Respondents.*

548 P2d 495

Dale Pierson, of Goodenough & Pierson, Salem, for appellant.

No appearance for respondents.

DENECKE, J.

**DENECKE, J.**

Plaintiff, Everett J. Faw, brought an action seeking possession of real property and to be declared the owner in fee simple. The trial court found in favor of defendants, holding that the plaintiff had acquired no interest in the property. The factual setting of the suit is rather unusual and occurred as follows.

The disputed property was known as Lot 48, Sunnyside Fruit Farm No. 5. In 1891 when it was first plotted, it was dedicated for school purposes and owned by "The Oregon Land Company." This company was dissolved in 1906 for failure to pay registration fees.

In 1966, a second corporation called "Oregon Land Company, a corporation," was formed, but had no connection with the original company of a similar name. This second corporation, although it had no legal relationship to the first, transferred by quitclaim deed in 1969 its interest in Lot 48 to plaintiff, Faw.

Taxes were never paid on the property and Marion County foreclosed on tax liens and obtained judgment in 1971. By tax foreclosure deed the property was transferred to the tax collector of Marion County. Plaintiff then purchased the property from Marion County in 1972 for outstanding taxes. No notice was made of the sale other than that sent to Faw personally. Under ORS 275.180 no notice need be published if the "record owner" at the time of the foreclosure purchases for unpaid taxes.

The conveyance from the second Oregon Land Company to plaintiff was "out of the chain of title" of the first Oregon Land Company. As a result defendants did not know of any of the subsequent events affecting the property. In 1972 defendants brought a suit against the first Oregon Land Company to quiet title to this parcel on the ground of adverse possession. Because of their lack of knowledge they did not name plaintiff as a party. A decree was filed in November 1972 establishing the defendants as owners in fee.

[ 645 ]

Plaintiff, Faw, brought the present suit because he discovered, after he repurchased the land from Marion County, that defendants had quieted title in themselves. The defendants prevailed at trial. The trial court held that because the plaintiff had received merely a quitclaim deed from the "Oregon Land Company, a corporation," he had received in reality no title at all.

■ A plaintiff in a quiet title suit must prevail on the strength of his own title rather than upon the weakness of defendant's title. *Rohner v. Neville,* 230 Or 31, 365 P2d 614, 368 P2d 391 (1962). Plaintiff argues that the title transferred to him from Marion County provided him with a claim superior to that of the defendants, notwithstanding the invalidity of the title transferred to him by the "Oregon Land Company, a corporation." As support plaintiff refers extensively to Oregon statutes and decisions of this court which express the strong public policy of upholding the title transferred at the tax foreclosure sale. ORS 312.214 through 312.230; *Hood River County v. Dabney,* 246 Or 14, 423 P2d 954 (1967).

■ As strong as this public policy may be, we do not find it controlling in this particular case. As noted, ORS 275.180 provides that notice of a tax foreclosure sale need not be published where the "record owner" purchases for unpaid taxes. Although the plaintiff did appear as the owner of the property, he in fact obtained no interest in Lot 48 from the "Oregon Land Company, a corporation," as this corporation actually held no interest in the property. Since no notice was published, we hold the tax foreclosure sale to the plaintiff to be invalid. See *Hood River County v. Dabney, supra* (246 Or 14).

Additionally, allowing plaintiff to employ the mechanisms of ORS 312.214 through 312.230 to "bootstrap" himself into good title would be interpreting the statutory provisions beyond what was intended by the legislature.

[ 646 ]

The factual settings in the cases cited by appellant in which this court has interpreted the above-cited statutes are distinguishable from those of the case at bar. In the *Hood River* case, *supra* (246 Or 14), we held that the legislative purposes expressed in ORS 312.214 through 312.230 demonstrated "a design to strictly limit the *delinquent taxpayer's* right to attack defective tax foreclosure proceedings." (Emphasis added.) 246 Or at 23. Similarly, in *Chizek v. Port of Newport,* 252 Or 570, 450 P2d 749 (1969), this court considered a case involving a conflict between a tax foreclosure purchaser and a taxpayer who originally owned property and defaulted on his taxes. These cases present different considerations than involved herein.

Since plaintiff has not demonstrated the strength of his title, the trial court's determination must be affirmed.

Affirmed.